**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| JOAO CONTROL & MONITORING SYSTEMS OF TEXAS, LLC | § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-499 |
| v. | § § | **JURY TRIAL DEMANDED** |
| PLAYBOY ENTERPRISES INC., PENTHOUSE MEDIA GROUP, INC. N/K/A FRIENDFINDER NETWORKS, INC., LFP INTERNET GROUP, LLC, STREAMRAY INC., TRUEBEGINNINGS, LLC D/B/A TRUE.COM, WOO MEDIA, INC., VIVID ENTERTAINMENT, LLC, CLUB JENNA, INC., ANABOLIC VIDEO PRODUCTIONS, INC., GAME LINK, LLC, EVIL ANGEL PRODUCTIONS, INC., NEW DESTINY INTERNET GROUP, LLC, AND SHANE ENTERPRISES, LLC | § § § § § § § § § § § § § § § | |
| Defendants. | § | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Joao Control & Monitoring Systems of Texas, LLC ("Plaintiff"), by and through its undersigned counsel, files this First Amended Complaint for patent infringement against Playboy Enterprises, Inc., Penthouse Media Group, Inc. n/k/a Friendfinder Networks Inc., LFP Internet Group, LLC, Streamray Inc., Truebeginnings, LLC d/b/a TRUE.com, Woo Media, Inc., Vivid Entertainment, LLC, Club Jenna, Inc., Anabolic Video Productions, Inc., Game Link, LLC, Evil Angel Productions, Inc., New Destiny Internet Group, LLC, and Shane Enterprises, LLC (collectively "Defendants") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop each Defendant's infringement of Plaintiff's United States Patent No. 7,277,010 entitled "Monitoring Apparatus and Method" (the "'010 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the exclusive licensee under the '010 patent with respect to the Defendants. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Plaintiff Joao Control & Monitoring Systems of Texas, LLC ("Plaintiff") is a limited liability company organized under the laws of the State of Texas and is located at 104 East Houston Street, Suite 171, Marshall, Texas 75670. Plaintiff is the exclusive licensee under the '010 patent with respect to the Defendants, including the exclusive right to sue Defendants for infringement and recover past damages.

3. Upon information and belief, Defendant Playboy Enterprises, Inc. ("Playboy"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 680 North Lake Shore Drive, Chicago, Illinois 60611.

4. Upon information and belief, Defendant Penthouse Media Group, Inc. n/k/a Friendfinder Networks, Inc. ("Friendfinder"), is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 6800 Broken Sound Parkway, Boca Raton, Florida 33487.

5. Upon information and belief, Defendant LFP Internet Group, LLC ("LFP"), is a limited liability company organized and existing under the laws of the State of California, with

its principal place of business located at 8484 Wilshire Boulevard, Suite 900, Beverly Hills, California 90211.

6. Upon information and belief, Defendant Streamray Inc. ("Streamray"), is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 5258 S. Eastern Avenue, Suite 100, Las Vegas, Nevada 89119.

7. Upon information and belief, Defendant Truebeginnings, LLC d/b/a TRUE.com ("Truebeginnings"), is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 300 Decker, Suite 200, Irving, Texas 75062.

8. Upon information and belief, Defendant Woo Media, Inc. ("Woo Media"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 3832 Hemmingway, Irvine, California 92606.

9. Upon information and belief, Defendant Vivid Entertainment, LLC (Vivid"), is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 3599 Cahuenga Boulevard W., 4th Floor, Los Angeles, California 90068.

10. Upon information and belief, Defendant Club Jenna, Inc. ("Club Jenna"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 680 N. Lake Shore Drive, 15 Floor, Chicago, Illinois 60611.

11. Upon information and belief, Defendant Anabolic Video Productions, Inc., ("Anabolic"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 9223 Owensmouth Avenue, Chatsworth, California 91311.

12. Upon information and belief, Defendant Game Link, LLC ("Game Link"), is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 537 Stevenson Street, San Francisco, California.

13. Upon information and belief, Defendant Evil Angel Productions, Inc. ("Evil Angel"), is a corporation organized and existing under the laws of the State of California, with its principal place of business located at 14141 Covello Street, Suite 8C, Van Nuys, California 91405.

14. Upon information and belief, Defendant New Destiny Internet Group, LLC ("New Destiny"), is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 27111 Aliso Creek Road, Suite 130, Aliso Viejo, California 92656.

15. Upon information and belief, Defendant Shane Enterprises, LLC ("Shane Enterprises"), is a limited liability company organized and existing under the laws of the State of California, with its principal place of business located at 13659 Victory Boulevard, Van Nuys, California 91401.

## JURISDICTION AND VENUE

16. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

17. The Court has personal jurisdiction over each Defendant because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant has sought protection and benefit from the laws of the State of Texas; each Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

18. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of an interactive web page) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

19. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## **COUNT I – PATENT INFRINGEMENT**

20. United States Patent No. 7,277,010 entitled "Monitoring Apparatus and Method" was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 after full and fair examination. Plaintiff is the exclusive licensee under the '010 patent with respect to the Defendants, including the exclusive right to sue Defendants for infringement and recover past damages.

21. Upon information and belief, Playboy has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the websites http://www.playboylive.com and http:///www.spicelive.com. Upon information and belief, Playboy has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

22. Upon information and belief, Friendfinder has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the websites http://www.danni.com, http://penthouse.com, and http:///www.adultfriendfinder.com. Upon

information and belief, Friendfinder has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

23.     Upon information and belief, LFP has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.hustlerlive.com.  Upon information and belief, LFP has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

24.     Upon information and belief, Streamray has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.cams.com.  Upon information and belief, Streamray has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

25.     Upon information and belief, Truebeginnings has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.true.com.  Upon information and belief, Truebeginnings has also contributed to the

infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

26. Upon information and belief, Woo Media has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.woome.com. Upon information and belief, Woo Media has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

27. Upon information and belief, Vivid has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.vividlive.com. Upon information and belief, Vivid has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

28. Upon information and belief, Club Jenna has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.clubjennalive.com. Upon information and belief, Club Jenna has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

29. Upon information and belief, Anabolic has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.anaboliclive.com. Upon information and belief, Anabolic has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

30. Upon information and belief, Game Link has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.gamelinklive.com. Upon information and belief, Game Link has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

31. Upon information and belief, Evil Angel has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.evilangellive.com. Upon information and belief, Evil Angel has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

32. Upon information and belief, New Destiny has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling

(directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.homegrowncams.com. Upon information and belief, New Destiny has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

33. Upon information and belief, Shane's World has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.shanesworldlive.com. Upon information and belief, Shane's World has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

34. Each Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

35. Plaintiff is entitled to recover from the Defendants the damages sustained by Plaintiff as a result of the Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

36. Upon information and belief, the infringement of one or more claims of the '010 patent by each of the Defendants is willful and deliberate from the time Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original

Complaint at the latest.  Upon information and belief, the inducement and contributory infringement of one or more claims of the '010 patent by each of the Defendants is willful and deliberate from the time Defendants became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest.  As a result, Plaintiff is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to these defendants.

37.  Defendants' infringement of Plaintiff's exclusive rights under the '010 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

38.  Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Joao Control & Monitoring of Texas, LLC, respectfully requests the following relief:

    A.    An adjudication that each of the Defendants have infringed and continue to infringe claims of the '010 patent;

    B.    An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendants' acts of infringement together with prejudgment interest;

    C.    An award of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for willful infringement by the each of the Defendants;

D.  An award of Plaintiff's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law with respect to the Defendants;

E.  A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendants from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '010 patent; and

F.  Any further relief that this Court deems just and proper.

Dated: December 2, 2009

Respectfully submitted,

/s/ Andrew Spangler
Andrew W. Spangler
Texas State Bar No. 24041960
**SPANGLER LAW P.C.**
208 N. Green Street, Suite 300
Longview, Texas 75601
Telephone: 903-753-9300
Facsimile: 903- 553-0403
spangler@spanglerlawpc.com

**ATTORNEY FOR PLAINTIFF,**
Joao Control & Monitoring Systems of Texas, LLC

## CERTIFICATE OF SERVICE

I hereby certify that the counsel of record who are deemed to have consented to electronic service are being served today with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

December 2, 2009                                    /s/     Andrew Spangler
                                                                    Andrew W. Spangler