# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| JOAO CONTROL & MONITORING SYSTEMS OF TEXAS, LLC | § § § | |
| Plaintiff, | § § | Civil Action No. 6:09-cv-499 |
| v. | § § § | |
| PLAYBOY ENTERPRISES INC., PENTHOUSE MEDIA GROUP, INC. N/K/A FRIENDFINDER NETWORKS, INC., LFP INTERNET GROUP, LLC, STREAMRAY INC., TRUEBEGINNINGS, LLC D/B/A TRUE.COM, WOO MEDIA, INC., VIVID ENTERTAINMENT, LLC, CLUB JENNA, INC., ANABOLIC VIDEO PRODUCTIONS, INC., GAME LINK, LLC, EVIL ANGEL PRODUCTIONS, INC., NEW DESTINY INTERNET GROUP, LLC, AND SHANE ENTERPRISES, LLC | § § § § § § § § § § § § § § § | **JURY TRIAL DEMANDED** |
| Defendants. | § § | |

## DEFENDANT TRUEBEGINNINGS, LLC'S PARTIAL MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM, FED. R. CIV. P. 12(b)(6)

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 2

III. APPLICABLE LEGAL STANDARDS ....................................................................... 3

    A. Motion To Dismiss Standards............................................................................ 3

    B. Inducing And Contributory Infringement .......................................................... 5

    C. The Standards For Pleading Inducing And Contributory Infringement Are Different Than The Standards For Pleading Direct Infringement ..................... 8

IV. THE COURT SHOULD DISMISS THE CONTRIBUTORY INFRINGEMENT AND INDUCING INFRINGEMENT CLAIMS ......................................................... 9

    A. Plaintiff Failed To Plead Inducing Infringement Adequately............................. 9

    B. Plaintiff Failed To Plead Contributory Infringement Adequately .................... 10

V. CONCLUSION........................................................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

*Aro Manufacturing Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476, 84 S.Ct. 1526, 12 L. Ed. 2d 457 (1964) .................................................. 6

*Ashcroft v. Iqbal*,
   129 S.Ct. 1937 (2009) ........................................................................................... passim

*Bell Atl. Corp. v. Twombly*,
   __ U.S. __, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................................... 3, 4, 8

*Blackburn v. City of Marshall*,
   42 F.3d 925 (5th Cir. 1995) ............................................................................................ 4

*C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*,
   911 F.2d 670 (Fed. Cir. 1990) ....................................................................................... 6

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ......................................................................................... 3

*DSU Medical Corporation, et al. v. JMS Co., LTD*,
   471 F.3d 1293 (Fed. Cir. 2006) ..................................................................................... 5

*Elan Microelectronics Corp. v. Apple, Inc.*,
   No. C 09-01531 RS (N.D. Cal. 2009) ......................................................................... 8, 9

*Fernandez-Montes v. Allied Pilots Ass'n*,
   987 F.2d 278 (5th Cir. 1993) ......................................................................................... 5

*Finnegan v. Univ. of Rochester Med. Ctr.*,
   180 F.R.D. 247 (W.D.N.Y. 1998) .................................................................................. 5

*Gortat v. Capala Bros., Inc.*,
   257 F.R.D. 353 (E.D.N.Y. 2009) ................................................................................... 5

*Goss Int'l Americas, Inc. v. MAN Roland, Inc.*,
   2008 WL 3823707 (D.N.H. Aug 15, 2008) ................................................................ 6, 9

*Gould-National Batteries, Inc. v. Sonotone Corp.*,
   130 U.S.P.Q.2d 26 (N.D. Ill. 1961) ............................................................................... 6

*Hewlett-Packard Co. v. Intergraph Corp.*,
   2003 WL 23884794 (N.D. Cal. Sept. 6, 2003) ............................................................ 10

*Honeywell, Inc. v. Metz Apparatewerke*,
   509 F.2d 1137 (7th Cir. 1975) .................................................................................... 7

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (5th Cir. 2007) ...................................................................................... 3

*Joy Technologies, Inc. v. Flakt, Inc.*,
   6 F.3d 770 (Fed. Cir. 1993) ........................................................................................ 5

*Lowrey v. Texas A & M Univ. Sys.*,
   117 F.3d 242 (5th Cir. 1997) ...................................................................................... 3

*McZeal v. Sprint Nextel Corporation*,
   501 F.3d 1354 (Fed. Cir. 2007) .................................................................................. 8

*Neitzke v. Williams*,
   490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989) .......................................... 3

*New Hampshire Ins. Co. v. R.L. Chaides Constr. Co.*,
   847 F. Supp. 1452 (N.D. Cal. 1994) ........................................................................... 7

*Oden v. Vanguard Care Rental USA, Inc.*,
   No. 2:07-cv-261 (E.D. Tex. Mar. 31, 2008) ............................................................... 3

*Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*,
   2007 WL 2818269 (S.D. Tex. Sept. 25, 2007) ..................................................... 9, 10

*Ruffin v. Kansas City Southern Railway Co.*,
   2007 WL 4290006 (E.D. Tex.) ................................................................................... 3

*Self v. Fisher Controls Co., Inc.*,
   566 F.2d 62 (9th Cir. 1977) ........................................................................................ 7

*Suresafe Industries, Inc. v. C&R Pier Mfg.*,
   850 F. Supp. 869 (S.D. Cal. 1993) ............................................................................. 7

*U.S. Fid. & Guar. Co. v. Star Techs., Inc.*,
   935 F. Supp. 1110 (D. Or. 1996) ................................................................................ 6

**OTHER AUTHORITIES**

35 U.S.C. § 271 .............................................................................................................. 2, 10

35 U.S.C. § 271(a) ...................................................................................................... 2, 6, 7

35 U.S.C. § 271(b) ........................................................................................................... 2, 7

35 U.S.C. § 271(c) ..................................................................................................... 2, 5, 10

Fed. R. Civ. P. 12(b)(6) ............................................................................................... 1, 3, 8

Fed. R. Civ. P. 8 ....................................................................................................... 1, 4, 10

Fed. R. Civ. P. 8(a)(2) ..................................................................................................... 3, 4

Infringement Under Section 271 of the Patent Act of 1952,
   35 J. Pat. Off. Soc'y 476 (1953) ...................................................................................... 7

I.   **INTRODUCTION**

Defendant TrueBeginnings, LLC ("TrueBeginnings") brings this motion to dismiss Plaintiff's claims for inducing and contributory infringement under Fed. R. Civ. P. 12(b)(6). To be clear, TrueBeginnings does *not* move to dismiss the claims for direct infringement.[1]

The Supreme Court recently explained in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) that threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not meet even the liberal pleading standards of Fed. R. Civ. P. 8. Here, however, Plaintiff's pleading of inducing and contributory infringement is even less than "threadbare." Plaintiff fails to plead even the basic elements of inducing and contributory infringement. Further, even if Plaintiff had pleaded the elements of inducing and contributory infringement, Plaintiff fails to plead any factual basis for those claims. Because Plaintiff's pleading of inducing and contributory infringement is inadequate, those claims should be dismissed.

Finally, Plaintiff essentially accuses TrueBeginnings of a legally impossible act – simultaneously directly infringing, contributorily infringing, and inducing infringement of the patent in suit. Because, as a matter of law, TrueBeginnings cannot be liable for the acts of which it is accused, the complaint against TrueBeginnings should be dismissed.

---

[1] TrueBeginnings's motion is based on the same grounds as the partial motion to dismiss filed by Defendants Playboy Enterprises, Inc., LFP Internet Group, LLC, Vivid Entertainment, LLC, Club Jenna, Inc., Anabolic Video Productions, Inc., Game Link, LLC, Evil Angel Productions, Inc., New Destiny Internet Group, LLC, and Shane Enterprises, LLC (Dkt. No. 33).

## II.     BACKGROUND

This is a patent infringement lawsuit involving U.S. Patent No. 7,277,010 ("the '010 patent") entitled "Monitoring Apparatus and Method." On November 5, 2009, Plaintiff filed its Original Complaint for Patent Infringement and on December 2, 2009 filed its First Amended Complaint for Patent Infringement (Exh. A). In the First Amended Complaint, under the section entitled "Count 1 – Patent Infringement," Plaintiff alleges the following:

> Upon information and belief, Truebeginnings has infringed and continues to infringe one or more claims of the '010 patent by making, using, providing, offering to sell, and selling (directly or through intermediaries), in this district and elsewhere in the United States, video monitoring and communications apparatus and services, including via the website http://www.true.com. Upon information and belief, Truebeginnings has also contributed to the infringement of one or more claims of the '010 patent, and/or actively induced others to infringe one or more claims of the '010 patent, in this district and elsewhere in the United States.

*See* First Amended Complaint ¶25.

Plaintiff mentions the patent infringement statute, 35 U.S.C. § 271, in the "Jurisdiction and Venue" section of the First Amended Complaint ¶ 16, but never identifies any of its subsections that define the various types of patent infringement, i.e., 35 U.S.C. § 271(a) defining direct infringement, 35 U.S.C. § 271(b) defining inducing infringement, or 35 U.S.C. § 271(c) defining contributory infringement. In connection with allegations against all defendants Plaintiff also makes passing mention of direct infringement, inducing infringement, and contributory infringement in ¶ 18, but provides no facts specific to any defendant in that paragraph and instead merely makes conclusory allegations or legal conclusions.

2

### III.     APPLICABLE LEGAL STANDARDS

####    A.     Motion To Dismiss Standards

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A party may move for dismissal of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, a court construes the complaint in favor of the plaintiff and all facts pleaded are taken to be true, no matter how improbable those facts. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007); *Oden v. Vanguard Care Rental USA, Inc.*, No. 2:07-cv-261 (E.D. Tex. Mar. 31, 2008)(Exh. B); *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 204 (5th Cir. 2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S.Ct. at 1965. However, "in order to avoid dismissal for failure to state a claim . . . a plaintiff must plead specific facts, not mere conclusory allegations." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A court "will thus not accept as true conclusory allegations or unwarranted deductions of fact." *Id. See Ruffin v. Kansas City Southern Railway Co.*, 2007 WL 4290006 at *1 (E.D. Tex.) (Exh. C).

As the Supreme Court more recently explained in *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009), "[t]hreadbare recitals of the elements of a cause of action, supported

by mere conclusory statements, do not suffice."[2]  The *Iqbal* court explained that the *Twombly* decision rested on two separate "working principles."

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-50.

The second principle of *Twombly* is that even where a complaint pleads more than legal conclusions, it still may not be sufficient.

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Id.* at 1950.

More specifically, dismissal of a claim is proper if a complaint fails to plead a required element. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (dismissing First Amendment claim for failure to allege the violation of a clearly established constitutional right).  Further, "conclusory allegations or legal conclusions

---

[2] *Iqbal* also confirms that *Twombly* construes Fed. R. Civ. P. 8 and therefore applies to all actions and is not limited to antitrust cases. *Id.* at 1953.

4

masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion. *See Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998). If the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be "a procedural thicket" of piecemeal answers that would poorly serve judicial economy. *See Gortat v. Capala Bros., Inc.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009). Thus, TrueBeginnings need not answer with respect to the direct infringement claims until this motion is resolved.

### B.     Inducing And Contributory Infringement

To infringe a patent indirectly, whether by inducing another's infringement, or by contributing to another's infringement, there must be some act of direct infringement in this country by a third party. *See Joy Technologies, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993). Moreover, to be liable for inducing another's infringement, the indirect infringer must intentionally aid and abet that direct infringement with knowledge of the patent. *DSU Medical Corporation, et al. v. JMS Co., LTD*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) ("In order to induce infringement, there must first be an act of direct infringement and proof that the defendant knowingly induced infringement with the intent to encourage the infringement. The defendant must have intended to cause the acts that constitute the direct infringement and must have known or should have known that its action would cause the direct infringement.").

In order to state a claim for contributory infringement pursuant to § 271(c), Plaintiff must allege that Defendant offered to sell or sold a "*component* of a patented

5

machine ... constituting a *material part* of the invention, *knowing* the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use." *Id.* (emphasis added); *see also Aro Manufacturing Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 488, 84 S.Ct. 1526, 12 L. Ed. 2d 457 (1964). Regarding the "staple article or commodity of commerce" exclusion, a device that has substantial non-infringing uses is considered a staple article. *See C.R. Bard, Inc. v. Advanced Cardiovascular Systems, Inc.*, 911 F.2d 670, 674-75 (Fed. Cir. 1990).

It is nonsensical to assert that the same act constitutes both direct infringement and indirect infringement such as inducing or contributory infringement because indirect infringement claims are limited to situations where the defendant itself has not directly infringed the patent under 35 U.S.C. § 271(a). *Goss Int'l Americas, Inc. v. MAN Roland, Inc.*, 2008 WL 3823707, at *2 (D.N.H. Aug 15, 2008) (Exh. D). *See U.S. Fid. & Guar. Co. v. Star Techs., Inc.*, 935 F. Supp. 1110, 1115 (D. Or. 1996) ("Generally speaking, a direct infringer cannot also be liable as an inducer to infringe based on the same act. As several courts have pointed out, the act of encouraging someone to purchase a product is necessarily subsumed by the actual sale of that product.").

As explained in *Gould-National Batteries, Inc. v. Sonotone Corp.*, 130 U.S.P.Q.2d 26, 29 (N.D. Ill. 1961):

> active inducement or contributory infringement have been generally limited to those situations where the defendant has induced someone else to infringe the plaintiff's patent and when the defendant himself has not infringed the patent by making, using, or selling the invention.

6

*See also Honeywell, Inc. v. Metz Apparatewerke*, 509 F.2d 1137, 1141 (7th Cir. 1975) ("Thus § 271(b) was not designed to subject to liability a party who actually infringes a patent."); *Suresafe Industries, Inc. v. C&R Pier Mfg.*, 850 F. Supp. 869, 873 (S.D. Cal. 1993)("Since plaintiffs have alleged direct infringement, they have no standing to assert inducing or contributory infringement."); *New Hampshire Ins. Co. v. R.L. Chaides Constr. Co.*, 847 F. Supp. 1452, 1458 (N.D. Cal. 1994)("However, one who is a direct infringer cannot also be an inducer."); *Self v. Fisher Controls Co., Inc.*, 566 F.2d 62, 64 (9th Cir. 1977) ("Contributory infringement actions are limited to situations where defendant itself has not directly infringed the patent by making, using or selling the invention under 35 U.S.C. § 271(a), but has induced someone else to infringe the patent.").

These cases are in accord with the legislative intent behind 35 U.S.C. § 271(b). As explained by Giles S. Rich, who later went on to become one of the most well respected judges of the Federal Circuit, and who was one of the principal drafters of the 1952 Patent Act, in his article <u>Infringement Under Section 271 of the Patent Act of 1952</u>, 35 J. Pat. Off. Soc'y 476 (1953):

> Active inducement implies that there is not a direct infringement by the one doing the inducing and that the direct infringement was by another. In suing a direct infringer one would not have recourse to paragraph (b). Reliance on paragraph (b) as a basis for liability is in itself a clear indication that the party held liable is not a direct infringer and if he is to be called any kind of an infringer there is no applicable recognized term except "contributory infringer."

*Id.* at 491-92.

7

### C. The Standards For Pleading Inducing And Contributory Infringement Are Different Than The Standards For Pleading Direct Infringement

The Federal Circuit considered the adequacy of a pro se litigant's complaint for direct patent infringement and other claims in *McZeal v. Sprint Nextel Corporation*, 501 F.3d 1354 (Fed. Cir. 2007). In the *McZeal* complaint the allegations of patent infringement were conclusory in much the same way as those here. The Federal Circuit, however, concluded that the pleading "met the low bar for pro se litigants to avoid dismissal on the basis of Fed. R. Civ. P. 12(b)(6)." *Id.* at 1358. In analyzing the complaint's adequacy, the *McZeal* court looked to what was then Form 16 appended to the Federal Rules of Civil Procedure, entitled "Complaint for Patent Infringement" (it now appears at Form 18). That form, which provides an example for alleging direct patent infringement, requires only conclusory statements, but those types of conclusory allegations have been accepted as adequate by district courts and the Federal Circuit. *Id.* Accordingly, by this motion TrueBeginnings is not challenging the inadequacy of Plaintiff's pleading of direct infringement.

Form 18, however, only provides an example of how *direct* patent infringement may be alleged. Form 18 does not purport to address inducing and contributory infringement, both of which have different elements than direct infringement. *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, at 3-4 (N.D. Cal. 2009) (Exh. E). "In the absence of any other form that addresses indirect infringement and is made binding on the courts through Rule 84, the Court must apply the teachings of *Twombly* and *Iqbal*" to inducing and contributory infringement claims. *Id.*

Finally, to the extent Plaintiff would argue that its failures to plead the elements of inducing and contributory infringement could be remedied by its providing of

8

infringement contentions or some other disclosure in discovery, Plaintiff's discovery related disclosures cannot amend its pleadings. *See Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys., LLC*, 2007 WL 2818269 n.2 (S.D. Tex. Sept. 25, 2007) (Exh. F). Therefore, such an argument should be rejected.

## IV. THE COURT SHOULD DISMISS THE CONTRIBUTORY INFRINGEMENT AND INDUCING INFRINGEMENT CLAIMS

### A. Plaintiff Failed To Plead Inducing Infringement Adequately

Here, Plaintiff's allegation of inducing infringement is nothing more than a bare assertion, made on "information and belief" that TrueBeginnings has "infringed" and has "also contributed to the infringement . . . **and/or** actively induced others to infringe one or more of the claims of the '010 patent. . . ." (emphasis added). Plaintiff's use of "and/or" is an admission that it is not even sure what type of infringement TrueBeginnings has allegedly committed. Further, Plaintiff does not even attempt to plead the necessary elements of inducing infringement, i.e., that a third party committed direct infringement which the defendant knowingly induced, that the defendant intended to encourage the infringement, that the defendant must have intended to cause the acts that constitute the direct infringement, and that the defendant must have known or should have known that its action would cause the direct infringement. Plaintiff pleads none of these elements. Similar inadequate pleadings of inducing infringement have been dismissed by other courts. *See Elan Microelectronics Corp. v. Apple, Inc.*, No. C 09-01531 RS, at 7 (N.D. Cal. 2009); *Goss Int'l Americas, Inc. v. MAN Roland, Inc.*, 2008 WL 3823707, at *1-2 (D.N.H. Aug 15, 2008) (concluding that a patentee had not properly pleaded a claim for induced or contributory infringement because the complaint "include[d] no mention of direct infringement by any party other than" the defendant).

9

As in the cases noted above, Plaintiff's inadequate pleading of inducing infringement does not meet the pleading standards of Rule 8(a) and *Iqbal*, and Plaintiff's claim for inducing infringement should be dismissed.

### B.     Plaintiff Failed To Plead Contributory Infringement Adequately

The elements of contributory infringement under 35 U.S.C. § 271(c) include offering to sell or selling a "component" of a patented machine, constituting a "material part" of the invention, along with the accused contributory infringer's "knowledge" that the component was especially made or especially adapted for use in an infringement of the patent-in-suit. Threadbare recitals of the words "contributed to the infringement" without even an allegation that TrueBeginnings offered to sell or sold any particular component or that such component was a material part of an infringing device are inadequate to plead contributory infringement. *See Hewlett-Packard Co. v. Intergraph Corp.*, 2003 WL 23884794, at *2 (N.D. Cal. Sept. 6, 2003) (Exh. G) (dismissing claims for contributory infringement).

Similarly, a claim for contributory infringement is inadequate when Subsection (c) is not cited in the pleading, nor are there any factual allegations in the pleading that would support a contributory infringement claim. Merely mentioning 35 U.S.C. § 271 in the "Jurisdiction and Venue" section of the pleading, without reference to any subsection of the statute, and without any factual allegations regarding contributory infringement is inadequate. *See Performance Aftermarket Parts Group, Ltd. v. TI Group Automotive Sys.*, LLC, 2007 WL 2818269, at *2 (S.D. Tex. Sept. 25, 2007) (concluding that a defendant who cited to 35 U.S.C. § 271 but did not provide any facts regarding contributory infringement had not properly pled contributory infringement).

Here, Plaintiff failed to plead virtually all of the necessary elements of a contributory infringement claim, i.e., selling a "component" of a patented machine that is a "material" part of the invention, the accused contributory infringer's "knowledge" that the component was especially made or especially adapted for use in an infringement of the patent-in-suit, and that the component does not have a substantial non-infringing use. Because Plaintiff has not pleaded these elements, its contributory infringement claim should also be dismissed.

## V. CONCLUSION

For all the foregoing reasons, this motion to dismiss Plaintiff's claims against TrueBeginnings, LLC for inducing and contributory infringement should be granted.

Respectfully submitted,

CARSTENS & CAHOON, LLP

s/ David W. Carstens
David W. Carstens
Texas Bar No. 03906900
Casey L. Griffith
Texas Bar No. 24036687
Bobby W. Braxton
Texas Bar No. 24059484
Amanda K. Jenkins
Texas Bar No. 24054550
13760 Noel Road, Suite 900
Dallas, Texas 75240
Telephone: (972) 367-2001
Facsimile: (972) 367-2002
**COUNSEL FOR DEFENDANT
TRUEBEGINNINGS, LLC**

11

## CERTIFICATE OF SERVICE

      I hereby certify that I have on February 3, 2010, electronically filed the foregoing with the Clerk of court using CM/ECF system which will send notification of such filing to the counsel of record via email.

                                                      s/ David W. Carstens
                                                      David W. Carstens