IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JOAO CONTROL & MONITORING SYSTEMS OF TEXAS, LLC, | § § § § § | |
| Plaintiff | | |
| vs. | § § § § § § § § § § § § § § § § § | NO. 6:09-cv-00499-LED |
| PLAYBOY ENTERPRISES INC., PENTHOUSE MEDIA GROUP, INC. N/K/A FRIENDFINDER NETWORKS, INC., LFP INTERNET GROUP, LLC, STREAMRAY INC., WOO MEDIA, INC., VIVID ENTERTAINMENT, LLC, CLUB JENNA, INC., ANABOLIC VIDEO PRODUCTIONS, INC., GAME LINK, LLC, EVIL ANGEL PRODUCTIONS, INC., NEW DESTINY INTERNET GROUP, LLC, AND SHANE ENTERPRISES, LLC, | | |
| Defendants. | | |

**DEFENDANT STREAMRAY, INC.'S ANSWER AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

Defendant Streamray, Inc. ("Streamray"), for its Answer to the Second Amended Complaint of plaintiff Joao Control & Monitoring Systems of Texas, LLC ("Joao"), answers and alleges as follows:

**I.   ANSWER**

**NATURE OF THE ACTION**

1.   In answer to Paragraph 1 of the Second Amended Complaint, Streamray admits that Joao is bringing an action purporting to be for alleged patent infringement of United States Patent No. 7,277,010.

## PARTIES

2. Streamray is without knowledge or information sufficient to admit or deny the allegation in Paragraph 2 of the Second Amended Complaint and accordingly denies it.

3. Paragraph 3 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 3 of the Second Amended Complaint and accordingly denies it.

4. Paragraph 4 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 4 of the Second Amended Complaint and accordingly denies it.

5. Paragraph 5 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 5 of the Second Amended Complaint and accordingly denies it.

6. In answer to Paragraph 6 of the Second Amended Complaint, Streamray admits that it is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 5258 South Eastern Avenue, Suite 100, Las Vegas, Nevada, 89119.

7. Paragraph 7 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 7 of the Second Amended Complaint and accordingly denies it.

8. Paragraph 8 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 8 of the Second Amended Complaint and accordingly denies it.

9. Paragraph 9 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 9 of the Second Amended Complaint and accordingly denies it.

10. Paragraph 10 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 10 of the Second Amended Complaint and accordingly denies it.

11. Paragraph 11 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 11 of the Second Amended Complaint and accordingly denies it.

12. Paragraph 12 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 12 of the Second Amended Complaint and accordingly denies it.

13. Paragraph 13 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required.

Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 13 of the Second Amended Complaint and accordingly denies it.

14. Paragraph 14 of the Second Amended Complaint purports to aver facts regarding a Defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 14 of the Second Amended Complaint and accordingly denies it.

## JURISDICTION AND VENUE

15. In answer to Paragraph 15 of the Second Amended Complaint, Streamray admits that the Second Amended Complaint purports to allege a claim for patent infringement under 35 U.S.C. § 1 *et seq*. Streamray admits this Court has subject matter jurisdiction over such claims under 28 U.S.C. § 1331 and 1338(a).

16. In answer to Paragraph 16 of the Second Amended Complaint, Streamray admits that it is subject to personal jurisdiction of this Court for the purposes of this Second Amended Complaint and that it has transacted business within the State of Texas. Streamray lacks knowledge or information sufficient to admit or deny the remaining allegations regarding other Defendants in Paragraph 16 of the Second Amended Complaint and accordingly denies them.

17. To the extent any allegations of Paragraph 17 of the Second Amended Complaint are averred against Streamray, Streamray denies them. With respect to the allegations of Paragraph 17 of the Second Amended Complaint directed against any other Defendant in this action, for which no response by Streamray is required, Streamray is without knowledge or information sufficient to admit or deny the allegations in Paragraph 17 of the Second Amended Complaint and accordingly denies them.

18. In answer to Paragraph 18 of the Second Amended Complaint, Streamray admits that venue is proper in this District, pursuant to 28 U.S.C. §§ 1391 and 1400, but states that this case should be transferred to another District pursuant to 28 U.S.C. § 1404(a) in the interest of justice and for convenience of the parties and witnesses.

## COUNT I – PATENT INFRINGEMENT

19. In answer to Paragraph 19 of the Second Amended Complaint, Streamray admits that United States Patent No. 7,277,010 ("the '010 patent") is entitled "Monitoring Apparatus and Method." Streamray admits that the '010 patent bears an issue date of October 2, 2007, but denies that the '010 patent was duly and legally issued. Streamray is without knowledge or information sufficient to admit or deny the allegation concerning ownership of the '010 patent and accordingly denies this allegation.

20. Streamray denies the allegations in Paragraph 20 of the Second Amended Complaint.

21. Paragraph 21 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 21 of the Second Amended Complaint and accordingly denies it.

22. Paragraph 22 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 22 of the Second Amended Complaint and accordingly denies it.

23. Paragraph 23 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required.

Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 23 of the Second Amended Complaint and accordingly denies it.

24. Paragraph 24 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 24 of the Second Amended Complaint and accordingly denies it.

25. Paragraph 25 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 25 of the Second Amended Complaint and accordingly denies it.

26. Paragraph 26 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 26 of the Second Amended Complaint and accordingly denies it.

27. Paragraph 27 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 27 of the Second Amended Complaint and accordingly denies it.

28. Paragraph 28 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 28 of the Second Amended Complaint and accordingly denies it.

29.     Paragraph 29 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 29 of the Second Amended Complaint and accordingly denies it.

30.     Paragraph 30 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 30 of the Second Amended Complaint and accordingly denies it.

31.     Streamray denies the allegations in Paragraph 31 of the Second Amended Complaint.

32.     Streamray denies the allegations in Paragraph 32 of the Second Amended Complaint.

33.     Paragraph 33 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 33 of the Second Amended Complaint and accordingly denies it.

34.     Paragraph 34 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 34 of the Second Amended Complaint and accordingly denies it.

35.     Paragraph 35 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required.

Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 35 of the Second Amended Complaint and accordingly denies it.

36. Paragraph 36 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 36 of the Second Amended Complaint and accordingly denies it.

37. Paragraph 37 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 37 of the Second Amended Complaint and accordingly denies it.

38. Paragraph 38 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 38 of the Second Amended Complaint and accordingly denies it.

39. Paragraph 39 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 39 of the Second Amended Complaint and accordingly denies it.

40. Paragraph 40 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 40 of the Second Amended Complaint and accordingly denies it.

41. Paragraph 41 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 41 of the Second Amended Complaint and accordingly denies it.

42. Paragraph 42 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 42 of the Second Amended Complaint and accordingly denies it.

43. Paragraph 43 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 43 of the Second Amended Complaint and accordingly denies it.

44. Paragraph 44 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 44 of the Second Amended Complaint and accordingly denies it.

45. Paragraph 45 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 45 of the Second Amended Complaint and accordingly denies it.

46. Paragraph 46 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required.

Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 46 of the Second Amended Complaint and accordingly denies it.

47. Paragraph 47 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 47 of the Second Amended Complaint and accordingly denies it.

48. Paragraph 48 of the Second Amended Complaint purports to aver facts regarding a defendant unrelated to Streamray and for which no response by Streamray is required. Streamray is thus without knowledge or information sufficient to admit or deny the allegation in Paragraph 48 of the Second Amended Complaint and accordingly denies it.

49. To the extent any allegations of Paragraph 49 of the Second Amended Complaint are averred against Streamray, Streamray denies them. With respect to allegations of Paragraph 49 of the Second Amended Complaint against any other Defendant in this action, for which no response by Streamray is required, Streamray is without knowledge or information sufficient to admit or deny the allegations in Paragraph 49 of the Second Amended Complaint, and accordingly denies them.

50. To the extent any allegations of Paragraph 50 of the Second Amended Complaint are averred against Streamray, Streamray denies them. With respect to allegations of Paragraph 50 of the Second Amended Complaint against any other Defendant in this action, for which no response by Streamray is required, Streamray is without knowledge or information sufficient to admit or deny the allegations in Paragraph 50 of the Second Amended Complaint, and accordingly denies them.

51. To the extent any allegations of Paragraph 51 of the Second Amended Complaint are averred against Streamray, Streamray responds as follows: Streamray denies that it infringes the '010 patent. To the extent that Streamray may be found to be liable for any alleged infringement, Streamray denies that Joao has suffered and will continue to suffer serious irreparable injury. With respect to allegations of Paragraph 51 of the Second Amended Complaint against any other Defendant in this action, for which no response by Streamray is required, Streamray is without knowledge or information sufficient to admit or deny the allegations in Paragraph 51 of the Second Amended Complaint, and accordingly denies them.

## II. AFFIRMATIVE DEFENSES

## JOAO'S PRAYER FOR RELIEF

52. Streamray denies that Joao is entitled to any relief whatsoever in this action.

## FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

53. Joao is not entitled to any relief against Streamray because Streamray has not infringed and is not infringing, either literally or under the doctrine of equivalents, any valid claim of the '010 patent.

54. Joao is not entitled to any relief against Streamray because Streamray has never and does not contributorily infringe or actively induce infringement of the '010 patent.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

55. On information and belief, the claims of the '010 patent are invalid for failing to meet one or more of the requisite Conditions of Patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

### THIRD AFFIRMATIVE DEFENSE
### (Substantial Non-Infringing Use)

56. The accused Streamray products have substantial non-infringing uses and therefore do not contribute to infringement of the asserted claims of the '010 patent.

### FOURTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Waiver, and Laches)

57. Any purported claim for equitable relief set forth in Joao's Second Amended Complaint is barred by unclean hands, laches, and equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

58. Streamray asserts that the Second Amended Complaint fails to state a claim upon which relief may be granted against Streamray.

### SIXTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel)

59. By reason of the proceedings in the U.S. Patent and Trademark Office (the "PTO") during the prosecution of the application for the '010 patent, including, but not limited to the admissions, representations and/or other statements made by the named inventor and/or others substantively involved in the prosecution, Joao is estopped to assert a construction of any claim of the '010 patent that would encompass literally or under the doctrine of equivalents any method practiced by Streamray, or any products used, made or sold by Streamray.

### SEVENTH AFFIRMATIVE DEFENSE
### (Equitable Estoppel, Waiver, and Laches)

60. Any purported claim for equitable relief set forth in Joao's Second Amended Complaint is barred by unclean hands, laches, and equitable estoppel.

## EIGHTH AFFIRMATIVE DEFENSE
(Improper Venue)

61. This action should be dismissed and/or transferred pursuant to improper venue as well as under the doctrine of *forum non conveniens*.

## ADDITIONAL DEFENSES

Streamray will rely on any and all other properly provable defenses developed from discovery and further investigation, reserving the right to amend this pleading to conform thereto.

### III. COUNTERCLAIMS

In addition to its affirmative defenses, Streamray further asserts the following counterclaims against Joao.

## THE PARTIES

61. Streamray, Inc. ("Streamray") is a corporation organized and existing under the laws of the State of Nevada with its principal place of business at 5258 South Eastern Avenue, Suite 100, Las Vegas, Nevada, 89119.

62. Upon information and belief, and Joao's Second Amended Complaint, Joao Control & Monitoring Systems of Texas, LLC ("Joao") is a limited liability company organized under the laws of the State of Texas and is located at 104 East Houston Street, Suite 171, Marshall, Texas 75670.

## JURISDICTION AND VENUE

63. Streamray counterclaims against Joao pursuant to the Patent Laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the courts of the United States, 28 U.S.C. §§ 2201 and 2202, and Federal Rules of Civil Procedure 13.

64. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

65. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

66. An actual controversy exists between Streamray and Joao by virtue of the allegations of Joao's Second Amended Complaint in this action and Streamray's Answer – *i.e.*, as to whether the '010 patent is invalid and not infringed by Streamray's products and services.

### FIRST COUNTERCLAIM
**(Declaratory Judgment of Non-Infringement)**

67. Paragraphs 61-66 are incorporated by reference as if fully restated herein.

68. Joao asserts in this action that Streamray is infringing the '010 patent.

69. Streamray has not and is not infringing the '010 patent.

70. Accordingly, Streamray seeks a judgment holding that it does not infringe and has not infringed, directly or indirectly, contributorily or by inducement, any claim of the '010 patent.

### SECOND COUNTERCLAIM
**(Declaratory Judgment of Invalidity)**

71. Paragraphs 61-70 are incorporated by reference as if fully restated herein.

72. Joao asserts in this action that Streamray is infringing the '010 patent.

73. On information and belief, the '010 patent is invalid for failure to meet the Conditions for Patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicial doctrine of double patenting.

74. Accordingly, Streamray seeks a judgment declaring that the '010 patent is invalid.

## **PRAYER FOR RELIEF**

Wherefore, Streamray requests that this Court enter a judgment in its favor and against Joao as follows:

1. Dismissal of Joao's claims for patent infringement and injunctive relief with prejudice;

2. Judgment against Joao declaring the '010 patent not infringed by Streamray;

3. Judgment against Joao declaring the '010 patent invalid;

4. A declaration that Streamray's defenses and counterclaims present an exceptional case entitling it to, and therefore awarding, its reasonable attorneys' fees under 35 U.S.C. § 285;

5. Award of costs to Streamray; and

6. Award to Streamray such other relief as the Court deems just and reasonable.

Dated: June 4, 2010                                    Respectfully submitted,

By:      */s/ Michael J. Sacksteder*
Michael J. Sacksteder, CA Bar No. 191605
(Admitted E.D. Texas)
Saina S. Shamilov, CA Bar No. 215636
(Admitted E.D. Texas)
Elizabeth J. White, CA Bar No. 272073
(*Pro Hac Vice*)
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104


By:      */s/ Ira P. Rothken*
Ira P. Rothken, CA Bar No. 160029
(*Pro Hac Vice application pending*)
ROTHKEN LAW FIRM
3 Hamilton Landing, Suite 280
Novato, CA 94949

ATTORNEYS FOR DEFENDANT
Streamray, Inc.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on June 4, 2010.

                ***/s/ Michael J. Sacksteder***
                Michael J. Sacksteder